UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    -vs-                                          Case No. 10-CR-117

MICHAEL BOND,

    Defendant.

## DEFENDANT'S SENTENCING MEMORANDUM

The Defendant, Michael Bond, by his attorney, Thomas J. Erickson, pursuant to the Due Process provisions of the Fifth Amendment to the United States Constitution as well as Rule 32(c) of the Federal Rules of Criminal Procedure, respectfully submits the following Sentencing Memorandum which requests a downward departure from the sentencing guidelines based on an analysis of factors set forth in 18 U.S.S.G. s. 3553(a).

It is expected that the pre-sentence report will conclude that, upon application of the 2010 Sentencing Guidelines Manual, the Defendant is in a guideline imprisonment range of 188 to 235 months based on an offense level of 31 and a criminal history category VI. Pursuant to the plea agreement, the government will recommend a sentence within the sentencing guidelines; however, if the Defendant provides substantial assistance to the government, it may recommend a downward departure from the applicable guideline range.

### I.    SENTENCING METHODOLOGY

Post-*Booker*, a court may impose a sentence with the applicable guideline range, or

Impose a non-guideline sentence if it is justified by. 3553(a) factors. *See United States v. Crosby*, No 03-1675, 2005 U.S. App. LEXIS 1699 at 25 (2d Cir. Feb 2, 2005).

Title 18 U.S.C. s. 3553(a) requires the court to consider seven factors:

1. The nature and circumstances of the offense and history of characteristics of the defendant;

2. The need for the sentence imposed

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3. The kinds of sentences available;

4. The sentencing range established by the guidelines;

5. Any pertinent policy statements issued by the Sentencing Commission;

6. The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

7. The need to provide restitution to the victims of the offense.

After considering all of these factors, a court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." *United States v. Galvez-Barrios*, No. 04-CR-14, 2005 U.S. Dist. LEXIS 1997, at *16-17 (E.D. Wis. Feb. 2, 2005).

In *Gall v. United States*, 552 U.S.-, 2007 WL 4292116 (Dec. 10, 2007), the Supreme Court rejected an appellate rule that requires "extraordinary" circumstances to justify a sentence outside the Guidelines range. The Court made it clear that as long as the record demonstrates that a district court has considered the s. 3553(a) factors and supported its sentence with a rationale that is supported by the record, the sentence shall stand.

**II.     SENTENCING ANALYSIS**

The s. 3553(a) factors can be grouped into three general categories: the nature of the offense, the character of the defendant, and the needs of the public and victims of the offense.

**The Nature of the Offense**

Beginning in October of 2008 until June of 2010, the Defendant was obtaining kilogram quantities of low-grade marijuana from a Mexican source of supply known to the Defendant as "Easy" via Federal Express shipments. The Defendant utilized several family members and girlfriends to assist him by picking up the marijuana and/or allowing delivery at various addresses in Milwaukee. The Defendant then distributed the marijuana to a few dealers in Milwaukee.

While initially the government believed that the Defendant obtained far more than 1,000 kilograms of marijuana, through Federal Express records it was determined that the actual quantity was a little over 700 kilograms. The Defendant's statements made during the conspiracy about the amount of money he was making were mere puffery to give his associates an illusion of his success.

While over time, a fair amount of marijuana passed through the conspiracy, it should be noted that the Defendant purposely procured cheap and low-grade marijuana from his Mexican supplier. Thus, the marijuana subject to the conspiracy was not the highly potent and addictive marijuana that has become a new scourge in our community.

Also, the Defendant did not arm himself during any of his drug transactions and there was no violence attendant to his actions.

Accordingly, the Defendant asks that the court consider these factors in mitigation when determining a sentence sufficient but not greater than necessary to serve the purposes of sentencing.

**The Character of the Defendant and the Needs of the Public**

The Defendant was released on bond on January 5, 2011, after being detained for six months. During the last year and one half, the Defendant's behavior has been exemplary. He completed his high school diploma from Adison High School with a GPA of 3.25; he has maintained a drug and alcohol free lifestyle; he is currently working 28 hours per week at Premium Home Health Care as an elder care person having completed Premium's training classes in June, 2012 (see attached letter); he has become an active and enthusiastic member of Holy Redeemer Church of God in Christ (see attached letter from Bishop Sedgwick Daniels); and lived a peaceful life. At age 51, it is not an understatement that the Defendant is, after years of living on the edges of a drug dealing lifestyle, a changed man.

The Defendant was raised in a strong, successful family. Despite the legal troubles of several of the Defendant's sisters, the family remains close and loving. He has seven children. Some of his children are close to him and some are not based on

absences during their childhood. The Defendant professes his love for all of his kids and he is re-establishing relationships with all of them as best he can.

The Defendant has had occasional employment throughout his adult life. As early as eighteen, however, the Defendant began selling small quantities of marijuana. Since then, at several junctures in his life, the Defendant resorted to selling drugs to supplement his income. The Defendant has finally seen the light. He realized that his drug-dealing, and especially this conspiracy, has caused his family immeasurable problems; instead of a means of easing everyone's financial burdens, it turned out to be a disaster.

In terms of rehabilitation, the Defendant does not have any drug or alcohol issues presently; however, he did abuse drugs in the past and has continued a connection with a drug lifestyle despite his recent several year abstinence. Accordingly, the Defendant requests that the court consider him for the BOP 500 hour drug treatment program if he is sentenced to prison. As stated, the Defendant has earned his high school diploma while on release and he does have some employment history. Finally, the Defendant has excellent "people skills" which can be used positively in an employment environment in the future.

The Defendant, at age 51, no longer poses a threat or a danger to the public nor is he likely to re-offend. He has fully accepted his personal responsibility and realized the magnitude of his behavior. He has taken several steps to improve his life and ameliorate the heavy guideline range of this case.

While fully recognizing the severity of the Defendant's conduct, the Defendant asks the court to consider the positive steps he has taken in his life as factors in determining a fair sentence.

## III. CONCLUSION

For the other reasons so described, the court should find that there are mitigating circumstances in this case which are not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and which warrant a downward departure and a sentence that is sufficient but not greater than necessary to serve the purposes of sentencing.

Dated this 20st day of July, 2012.

Respectfully submitted,

/s/_____
Thomas J. Erickson
Attorney for Defendant

Address and Phone:
316 N. Milwaukee St., Ste. 206
Milwaukee, WI 53202
(414) 271-0678